*W. E. Slabaugh,* for plaintiffs.

---

## NEGLIGENCE IN LEAVING AN UNPROTECTED EXCAVATION IN THE STREET.

[Circuit Court of Lucas County.]

CITY OF TOLEDO v. MICHAEL NITZ.*

Decided, February 1, 1902.

*Negligence—On the Part of a Municipality—In Ordering Public Scales Removed and Leaving the Excavation Unprotected—Injury to One Who Fell therein—Verdict Exceeding Earning Capacity Sustained—Charge of the Court—Meaning of the Words "His Own Testimony."*

1. Where the platform of a set of wagon scales, situated in the middle of a market space, is used by vehicles and pedestrians as a part

*Settled and dismissed in the Supreme Court. For a prior holding in same case, see 22 C. C., 454.

of the street with knowledge of the city for many years, such platform will be regarded as a part of the street, and those passing over it are entitled to the protection due to one using any public street.

2. An order by the city for the removal of the scales platform is notice to the city of the unprotected excavation thereby created in the street, and liability arises in favor of a pedestrian who is injured by falling into the excavation while attempting to walk over the platform at night without notice of its removal.

3. A verdict assessing damages for such an injury in excess of the earning power of the plaintiff, figured from his expectancy of life, is not excessive where it appears that his health was wrecked by the injury, and he was incapacitated from ever again following his usual vocation, and suffers pain and inconvenience continually.

4. It is not error in the charge to the jury to read in such a case from the statute which prescribes that a municipal corporation shall keep its streets open, in repair and free from nuisance; nor to say to the jury with reference to the protection of the public from injury while using the streets that "what does not protect is not sufficient;" nor to say to the jury that they can not assume the city was negligent, or that the plaintiff was negligent—"the same rule applies to both * * * but the burden is on the one who brings the suit; not to charge that contributory negligence to defeat recovery must be negligence which constitutes a proximate cause of the injury complained of.

5. The expression "his own testimony" means, when used with reference to the plaintiff in the charge to the jury, all testimony offered on behalf of the plaintiff, and not merely the testimony given by the plaintiff himself.

HULL, J.; HAYNES, J., and PARKER, J., concur.

Heard on error.

This case was before this court at a former term, Nitz then being the plaintiff in error. The case is reported in 22 C. C., 454. As the facts were quite fully stated in that opinion, it will not be necessary to go into them very fully now. The case was reversed at that time, chiefly on the ground of error in the charge of the court, the judgment below having been in favor of the city. The case was afterwards tried in the court of common pleas, and a verdict returned in favor of Nitz and judgment entered upon that verdict. It is to reverse this judgment that the city of Toledo filed a petition in error in this court.

Nitz brought his action to recover for personal injuries, caused, as he claimed, by the negligence of the city of Toledo, and re-

covered a verdict for $6,350. A judgment was entered in his favor for that amount. The plaintiff's injury was sustained at what is known as the "Market Space," in Superior street, in the city of Toledo, lying between Monroe and Washington streets. There is here a platform some twenty-two feet wide, in the middle of the street, and which runs from Monroe to Washington street, except a space in the middle about fifteen feet wide, where there was a wagon scale that was used for market purposes. The platform, which was used for market purposes, was entirely open at the sides and at the ends, so that people might walk on it at any time, either day or night, if they saw fit. The privilege of the use of the scales was let by the city to private individuals. On the day of Nitz' injury the scales had been taken out by order of the city, a new lease having been made to another party than the one who had been renting and conducting the scales theretofore. This left an excavation from four to five feet deep; that is, from four to five feet below the level of the street, and from seven to eight feet below the level of the market space platform. Early in the evening Nitz was walking along, either on Superior street proper, west of the market space platform, as he claims, or upon the platform itself, as some of the witnesses testified he was doing, and having no knowledge that the scales had been removed, as he claims, he fell into this excavation, and three of his ribs were broken, according to the testimony of a physician who attended him, and others, including his own testimony. In consequence of his injuries he was confined to his house for many months. The testimony of his own physician shows that his injury produced pneumonia, which lasted for several weeks, and perhaps some months, and that he has since that time been unable to perform manual labor, in fact, not able to leave his house but very little of the time.

The claims of the plaintiff in error are that the verdict is against the weight of the evidence, and that the court erred in its charge to the jury.

When the case was here before, we held that the fact that the city itself ordered these scales to be moved, and that such removal of the scales caused the excavation, was in fact an order by the city for the excavation to be made, and that it was not

necessary to show any further notice to the city or its authorities; that the city having ordered the excavation to be made, that would be notice and knowledge. And we held then, as we do now, that no guards had been placed about this excavation by the city, either by way of rails or lights. There is some testimony tending to show that there was some earth on the west side of the opening; some rubbish, perhaps, that had been thrown out when the scales were removed. The testimony of the plaintiff is that there was very little of this, not enough to attract attention. Whatever was there, it was because it happened to have been thrown out of this excavation, but was not put there by the city for the purpose of notifying any one that the scales had been removed or that there was an excavation into which one might fall.

Nitz claims that he was walking along Superior street, just west of the market platform, and that when he came to the opening in the platform where the scales had been, he walked across Superior street at that point, with the intention of walking through on the scales to the other side of Superior street, and then going east through an alley to St. Clair street. The evidence shows that there was a sidewalk extending from the west side of Superior street up to the scale opening, and that on the east side of the platform was a building occupied as a city prison and police court, and alongside that was the alley; and the evidence shows that the scales located in this place were and had been used for a very long period of time as a street, people passing back and forth, both on foot and in vehicles day and night. We think the jury were warranted in finding that the scales and platform were to be regarded as a street, and that one using them was entitled to that protection which the law gives him in using a street of a municipal corporation.

Upon this trial of the case no evidence was offered to show that the market platform itself, extending form Monroe to Washington streets, was used as a part of the street by people generally in traveling back and forth. That brings us to the first claim of counsel for plaintiff in error, to-wit, that the weight of the evidence is that Nitz was walking on the platform and fell off that into the scale excavation, and was not walking on the

street, as he claims; and it is claimed that if he was walking on the platform, there being no evidence that that was or had been used as a street, and fell from that into this excavation, that he could not recover. There was nothing said to the jury in the charge of the court upon this question. No special attention seems to have been given to it by counsel on either side at the trial, and no request was made along that line.

It is claimed that Nitz is within the rule laid down by the Supreme Court in certain cases, that a traveler can not recover against a municipal corporation where he is out of the limits of the highway, and has gone onto other property of the city for purposes of his own and is thus injured, as in *Kelley* v. *Columbus*, 41 Ohio St., 263, where a person was walking along the street, and left the highway and went onto a vacant piece of property near the city hall for purposes of his own, and was injured by reason of the condition of this lot upon which he walked. The Supreme Court held that he could not complain.

Along this line is also *Dayton* v. *Taylor*, 62 Ohio St., 11, where a person walked across the street inside the curb in a diagonal direction, and slipped into a catch basin, and it was held that in leaving the sidewalk he assumed the risks which lay in the path which he thus chose. In *Kelly* v. *Columbus, supra,* the traveler went outside the street entirely, upon a piece of ground that was not used for street purposes; in *Dayton* v. *Taylor, supra,* the traveler walked across the street in a manner not contemplated and was injured.

It is claimed that Nitz is within the principle of these two cases, and that, if he was walking upon the market platform, there being no evidence that that was used as a street, and fell from that into the excavation, he can not recover.

Some three or four witnesses, perhaps, testified that he was walking on the platform. Nitz himself claimed that he was walking on the street, where he fell into the excavation.

In our judgment this case may be distinguished from *Kelley* v. *Columbus*, and *Dayton* v. *Taylor, supra*. This is not a case where the person departing from the street, if this would be a departing, was injured on account of any defect in the ground or in the place to which he had gone. There was no defect in

the market house platform that caused Nitz' injury. If the market platform was not a part of the street, and if Nitz had no right to go there, as is claimed, and he went upon it at his own risk, and on account of a board being out of that, or a hole in it, in some way he had fallen down and been hurt, then the case might be within the rule laid down in the above decision; but if, as is claimed by the city, he went upon the platform and walked over that in safety and sustained no injury until he fell into the excavation caused by the removal of the scales, then we have another question.

We find the testimony is practically uncontradicted that the platform scales were and for a long time had been used as a public street, and one walking thereon would therefore be entitled to the protection one is entitled to in using any public street. So that if the contention of the plaintiff in error be true, that when Nitz went upon the market platform he was departing from the street, still, when he undertook to step upon the scales, or the place where the scales had been, and was injured, the jury were warranted in finding that he was undertaking to walk into and upon a street.

We know of no rule of law and of no decision that holds that under such circumstances he would be deprived of a right to recover. One walking along the street may depart from the highway and walk into a vacant lot or upon city property for some purpose, away from the street, and come back to the street by a different line, and again enter upon it, and if he is not injured when outside the street, but when he comes back to the street he steps into a hole which has been left there through negligence, and is injured, he is not barred of the right to recover. A man has a right to step upon the sidewalk at any point that he chooses, and if he exercises ordinary care, he will not be precluded from recovering because he departed from the street, and was going back to it and upon it. So in this case, if the plaintiff walked upon the platform, and if that was not a part of the street, as the city claims, when he undertook to go where the scale platform had been, and to put his feet upon that, he was entitled to protection, for the scale platform had

been used as a public street for many years, and was in fact part of the street.

We therefore hold that whether the market house platform was a street or a part of a street or not, that of itself would not deprive Nitz of the right to recover on account of walking thereon. Although there is no positive evidence in the case, the circumstantial evidence, the surroundings, as disclosed by the record, indicate very strongly that this platform was in fact used as a part of the street, and that it was as much a part of the street as the two driveways on either side of it, which were used for vehicles. There were steps at each end of it for people to go up and down; it was entirely open at the ends and sides, and there were steps in the middle for people to go upon the scales. The whole place taken together, the platform as well as the driveways, is properly denominated "Market Space," although all was in fact apparently a part of Superior street. But considering this question in the way in which counsel for the city asks us to view it, that this platform was not in fact a part of the street, we think for the reasons given that this, if true, would not deprive Nitz of the right to recover.

There are many objections taken to the charge of the court. The court read to the jury Section 2640, Revised Statutes, which prescribes the duties of a municipal corporation in regard to streets; that it shall keep them open, in repair, and free from nuisance, etc. It is objected that this was error, for the reason that it did not distinguish between streets traveled by the public and public grounds and places like the market house, where people were invited only for certain purposes and at certain times of the day, and that it was an abstract proposition of law not applicable to the case.

We think that there was no error in the court reading this statute to the jury. It sets forth the duty prescribed by the Legislature, a duty which was imposed upon municipal corporations by the common law before this statute was passed, giving statutory construction to the common law; and the judge by reading that statute did not intend to say to the jury, and the jury could not have understood, that he meant to refer to any place that was not in fact a street; but the court intended to

direct their attention to the place where Nitz claimed he was hurt, and where the practically uncontradicted evidence shows that a street did exist, and had existed for a long period of time.

Objection is taken to the charge of the court as to the duty of the city to protect the public from injury when using streets, and it is objected that what the court said was too emphatic, in stating to the jury that "what does not protect is not sufficient."

The record does not show that anything had been done by the city to protect or guard this excavation. At the most there was nothing there but a comparatively small pile of dirt and a lot of rubbish, which a footman might see or might not. No care had been taken and nothing had been done to guard or protect this excavation. In view of this, we find no error in this instruction of the court.

This language in the charge is objected to, and argued at some length, and insisted upon as error:

"The same rule applies to both. The fact must be shown by the evidence in the case, and the burden is on the man who brings the suit in the first place to establish that the city has been negligent; that it has omitted some duty it owed to him. The burden is upon him to prove that to your satisfaction."

The principal thing objected to is the words "to your satisfaction," and it is urged that that is equivalent to telling the jury that they must be satisfied beyond a reasonable doubt. A decision by Judge Laubie, *Russell* v. *Russell*, 6 C. C., 294, is cited. If we examine this part of the charge, and read it in connection with what the court said just preceding it, we find that that language only applies to the duty imposed upon the plaintiff below, and does not apply to the city. The paragraph begins:

"When a case starts in this court, it starts without any assumption of negligence on the part of the city or the plaintiff himself. The jury are obliged to decide the case on evidence that is brought here. You can not assume that the city has been negligent, neither can you assume that the man himself has been negligent. The same rule applies to both. The fact must be shown by the evidence in the case, and the burden is on the man who brings this suit in the first place to establish that the

city had been negligent; that it has omitted some duty it owed to him.    The burden is upon him to prove that to your satisfaction."

So that if there was any error in the use of this language, it was against the plaintiff below, and not in his favor.    Counsel argue that the expression "the same rule applies to both" should be read in connection with the expression "The burden is upon him to prove that to your satisfaction."    But the statement "the same rule applies to both" relates to what went before, and not to what came after.    So that the city surely can not complain of this charge of the court.    Personally, I have never been fully satisfied that it was not proper for a court to say to a jury that they must be "satisfied" of the plaintiff's claims; but this decision of Judge Laubie's is very full and very able; but all that is necessary to say in regard to this portion of the charge, is that the rule as laid down was applied to Nitz and not to the city, and therefore the city was not prejudiced, in any event.

It is objected further that the court said to the jury that:

"He (the plaintiff) is under no obligation to take upon himself the burden of proving that he is free from negligence himself, except in the event of his own testimony showing that he has been negligent.    If he discloses by his own evidence that he has been negligent, then it is his duty to relieve himself of that negligence and excuse himself from the negligence that is shown in the case."

It is argued that the expression "his own testimony" limits it to the testimony of the plaintiff alone, and not the testimony of the plaintiff and his witnesses.    We do not think that such a restricted construction as that should be given to this language, but that the court meant to say to the jury by using the expression "his own testimony," not only his own individual testimony, but the testimony of the witnesses called by him.    In *Robison* v. *Gary,* 28 Ohio St., 241, this language was used, and is cited by counsel in his brief:

"The evidence of plaintiff as well as of defendant is to be considered in determining the question of contributory negligence, and a charge seeming to confine the jury to defendant's evidence is erroneous."

The Supreme Court use this expression with reference to the testimony of the plaintiff and his witnesses, and not with reference to the plaintiff alone, as it is urged the jury would understand it. Some other expression in addressing a jury might be better, but we do not find it error to use this language.

What the court said to the jury upon the subject of contributory negligence and the rule upon that question is objected to. The court said:

"On the other hand, if the city claims, as they do claim in this case, that the man was injured through his own negligence, the burden is on the city, in the absence of himself making any such showing in his evidence, to establish that he was guilty of contributory negligence in the case; and by contributory negligence is meant precisely the same character of negligence that on the other side makes the city liable. It must be negligence that constitutes a proximate cause of the injury, one of the causes, one of the proximate causes, of the injury. If the plaintiff is guilty of such contributory negligence as that he can not recover. The burden of showing that he is, is on the city."

It is urged by counsel that this was in effect telling the jury that the plaintiff could recover unless it appeared from the testimony that his negligence caused the injury; that they should have been instructed, that if his negligence in any degree "contributed" to his injury, he could not recover. Counsel in their brief say: "To establish the contributory negligence of plaintiff the city is required by this instruction to show that 'he was injured by his own negligence,' that 'his negligence constituted a proximate cause of the injury—one of the causes, one of the proximate causes,' that his negligence 'proximately caused the injury.' "

Examining the language of this instruction, however, we find that the court did not say to the jury that it was necessary to show that this plaintiff's own negligence was the sole cause of the injury, but taking the instruction altogether, it means that if his own negligence was one of the causes of the injury, if combined with other causes it caused his injury, he can not recover. The court say, "It must be negligence that constitutes a proximate cause of the injury, one of the causes, one of the proximate causes of the injury." Negligence which contributes directly

to the plaintiff's injury is one of the proximate causes of the injury, and we are not sure but the jury would understand this language better and more readily than the expression "negligence which contributes directly to the injury."

And we find that this or similar language has been used by the Supreme Court of this state, in the case of *Schweinfurth* v. *Railway Co.*, 60 Ohio St., 215. The court say in the syllabus:

"In an action for negligence, it is not error to refuse an instruction that the defendant can not be held liable, though guilty of the negligence charged, if the negligence of the person injured contributed in any degree, or in any way, to the injury of which he complains. Unless the negligence of the person injured contributed directly to, or was a proximate cause of the injury, it does not preclude a recovery."

On page 222 of the opinion the court cite with approval from 2 Thomp. on Neg., page 1151, as follows:

"The negligence of the plaintiff, in order to bar a recovery, must have been a proximate cause of the injury complained of. If the negligence of the plaintiff was only remotely connected with the injury, the plaintiff may recover damages, if notwithstanding such remote negligence of the plaintiff the defendant might have avoided the injury by the exercise of ordinary care.

"But the negligence of the plaintiff, in order to bar his recovery, must have been so far an efficient cause of the injury that unless he had been negligent, the injury would not have happened; or, as the rule is often expressed, although there may have been negligence on the part of the plaintiff, yet unless he could by the exercise of ordinary care have *avoided the consequences of the defendant's negligence,* he is entitled to recover."

So that we find that this expression that "his own negligence must have been one of the causes of the injury," or "a proximate cause of the injury," is approved by the Supreme Court; and the court below was substantially following the language of this opinion. We find no error in this.

The further ground on which we are asked to set aside the judgment and reverse the case is, that the damages are excessive. The verdict was for $6,350. This is, to be sure, a large amount of money. The plaintiff at the time of his injury was about fifty-six years of age. He was earning then $1.25 a day, and worked

in a lumber yard. The jury were warranted in finding from the evidence that he would never be able to perform such manual labor again as he had been in the habit of performing. The evidence shows that for many weeks and months he was confined to his bed, and that he has been unable to perform any work since he was injured. The testimony of his own physician showed that his lungs were lacerated by the broken pieces of ribs, so that his injury was followed by pneumonia in a very short time—some two or three days—and that he was very ill with that for a long time, and that his lungs are permanently injured by the pneumonia. Both have solidified to some extent, the left one to a considerable extent, and the right one not so much; and this, according to the testimony of his physicians, will always continue. On account of it he is unable to draw a full breath, and suffers inconvenience and pain nearly all the time. Three physicians called by the city testified that in their judgment he had tuberculosis; two of them testified that they had examined his sputum, and found tubercular bacilli in the sputum. There is no evidence that he had had tuberculosis before he sustained this injury, or had shown any tendency in that direction.

The court charged the jury fully upon the question as to his right to recover in case he had had tuberculosis before his injury, or in case there were seeds of the disease in his system that had been aggravated by his injury.

We are of the opinion that his present condition is due to his injuries. The weight of the testimony is that so far as manual labor is concerned, his injury has destroyed his usefulness; that he will suffer from this injury the rest of his life; and that the condition of his lungs is due to the injury which he then sustained. It is true that his earning capacity is not very large. His expectancy of life, according to the tables, at the time of his injury, was about sixteen years. If he were kept constantly employed, he would earn perhaps $250 or $300 a year, which would not amount to as much as this verdict; but in cases of personal injury a party is entitled to recover for more than the mere loss of earning capacity. Where death does not ensue, and the party himself brings his action, he is entitled to recover not only for the loss of earning capacity which he has sustained, but to re-

cover compensation for all other injuries and losses that he has sustained on account of the personal injury inflicted; his peace and happiness in life, his health, are something to him—are worth a great deal, perhaps more, in many cases, than earning capacity. The law is that the jury may consider all those things in determining how much, in such a case, the plaintiff is entitled to; they may consider the extent of his injury and its permanence; may consider the pain which he has already endured and which he is likely to endure in the future, in connection with his loss of earning capacity. We can not say, taking all these things into consideration, that this verdict is the result of prejudice or passion. If the claims of Nitz are true, if the testimony of his physicians is to be believed, by this injury his health and physical enjoyment have been, to a great extent, destroyed.

It is hard to put in dollars and cents what ought to be allowed a man who has thus suffered; whose lungs are in such a condition that a full breath, perhaps, can never be drawn by him without pain; who may for the greater part of his life be confined to his house; who from being a strong, healthy man fifty-six years of age, who had never been sick before but once in his life, has become a wreck. Within certain limits the law submits that question to the jury, and under proper instructions from the court they apply to it their common sense, and reason and judgment, and give what in their judgment is a fair compensation for the injury sustained.

The charge on the question of damages can not be complained of, and after a careful examination of the testimony on this question, we hold that we can not disturb the verdict upon the ground that the damages are excessive. The verdict may be larger than some other jury would have given; it may be larger than the court would have given; but the injuries which Nitz sustained were of a very serious character, and that they are permanent there is no question.

We find no error in the record, and for that reason the judgment of the court of common pleas will be affirmed.

*M. R. Brailey* and *John P. Manton,* for plaintiff in error.

*E. L. Twing* and *A. C. Bowersox,* for defendant in error.